UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Kayla Tilton and Krystal Vincelette | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO: 2:17-cv-00218 |
| | : | |
| v. | : | |
| | : | |
| Alex's LLC, d/b/a Crystal Diner, | : | |
| Ahmad Hamzy and Selma Hamzy | : | |
| | : | February 14, 2017 |
| Defendants | : | |
| | : | |

## COMPLAINT

1. Defendants run a restaurant in Bristol, Connecticut. Plaintiffs Tilton and Vincelette worked for Defendants as wait staff. Defendants did not pay Plaintiffs the minimum wage, any overtime premium for hours over forty in a week, or for each hour they worked. Plaintiffs further allege that Defendants' failure and/or refusal to pay wages consistent with federal and Connecticut law was willful, arbitrary, and in bad faith. Plaintiffs bring this action to recover unpaid wages, as well as liquidated damages, compensatory damages, costs, and attorney's fees under the Fair Labor Standards Act and Connecticut statutory provisions.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred within this judicial district.

**THE PARTIES**

4. Plaintiffs are Kayla Tilton and Krystal Vincelette (collectively "Plaintiffs") who worked for Defendants as wait staff at the Crystal Diner. Plaintiffs both reside in Bristol, Connecticut. During all times relevant to this complaint, Plaintiffs were employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1) and Connecticut General Statutes §§ 31-71a(2) and 31-58(e).

5. Defendant Alex's LLC, d/b/a Crystal Diner, is a limited liability company within the state of Connecticut. The Crystal Diner is a restaurant located at 43 Main Street, Bristol, Connecticut 06010. Defendant Ahmad Hamzy is the owner and manager of the Crystal Diner. Defendant Selma Hamzy is his wife, and she runs the day-to-day operations at the Crystal Diner. Defendants hired, paid, supervised, and scheduled Ms. Tilton and Ms. Vincelette. Selma Hamzy fired Ms. Vincelette. Defendants were therefore employers as that term is defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d) and by Connecticut General Statutes §§ 31-58(d) and 31-71a(1).

6. At all times relevant to this complaint, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a)(1).

7. Upon information and belief, at all times relevant to this action, Defendants operated as an enterprise engaged in commerce and in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a)(1).

## **FACTS**

8. Alex's LLC does business as the Crystal Diner, which is located at 43 Main Street in Bristol, Connecticut.

9. Upon information and belief, the Crystal Diner purchases and uses food and other products that originated outside of Connecticut.

10. Upon information and belief, the Crystal Diner has an Annual Business Volume of more than $500,000 per year.

11. During the Plaintiffs' employment, the Crystal Diner did not have a time clock.

12. Ms. Tilton began working at the Crystal Diner in February 2013. She worked 7:00am to 2:00pm on Tuesdays, Wednesdays, Thursdays, Fridays, and Saturdays. She worked 7:00am to 1:00pm on Sundays. Ms. Tilton regularly stayed beyond her scheduled time to assist with closing the restaurant for the day. She therefore worked at least forty-two (42) hours each week. She worked these hours until March 2016.

13. Ms. Tilton's schedule changed in March 2016. She then worked 8:00am to 2:00pm on Tuesdays, Wednesdays, Thursdays, Fridays, and Saturdays. She worked 8:00am to 1:00pm on Sundays. Ms. Tilton regularly stayed beyond her scheduled time to assist with closing the restaurant for the day. She therefore worked at least thirty-six (36) hours each week since March 2016.

14. Ms. Tilton stopped working for the Crystal Diner on or about June 10, 2016. She had worked there continuously from February 2013 to June 10, 2016.

15. Ms. Vincelette began working at the Crystal Diner in July 2015. She worked Saturdays from 7:00am to 2:00pm and Sundays from 7:00am to 1:00pm.

16. Selma Hamzy terminated Ms. Vincelette's employment with the Crystal Diner on April 16, 2016. She worked there continuously from July 2015 to April 16, 2016.

17. Plaintiffs were paid weekly on Wednesdays.

18. Ms. Tilton was paid cash from February 2013 until she received her first paycheck on April 30, 2014. She received varying small amounts of cash each week, but Defendants never paid her for all the hours she worked.

19. Ms. Vincelette was paid cash from July 2015 until she received her first paycheck on January 13, 2016. She received varying small amounts of cash each week, but Defendants never paid her for all the hours she worked.

20. Once the Plaintiffs began receiving paychecks, the check was never for the full amount of hours worked. They did not receive paystubs with their checks unless they asked for a paystub. Defendants would only provide a hand-written paystub to Plaintiffs upon request.

21. Defendants gave Plaintiffs a *de minimis* amount of cash each week along with their checks. However, Selma Hamzy would consistently deduct money from the small amount of cash for meals, even though Plaintiffs did not routinely have food or drink from the Crystal Diner during their shifts.

22. Defendants failed to keep payroll records as required by federal and state laws.

23. The Defendants did not pay Plaintiff Tilton at one and one-half times her regular hourly rate for hours worked in excess of forty in any one week period.

## COUNT ONE – FAIR LABOR STANDARDS ACT
## MINIMUM WAGE

24. The Plaintiffs incorporate herein the allegations set forth in paragraphs 1 through 23, above.

25. By conduct described above, Defendants violated Plaintiffs' right to be a paid a minimum wage pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

26. Defendants' conduct, as described above, was in willful violation of the Plaintiffs' rights pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. As a result of Defendants' unlawful conduct, the Plaintiffs have suffered a loss of compensation from employment.

## COUNT TWO - CONNECTICUT MINIMUM WAGE ACT
## MINIMUM WAGE

27. The Plaintiffs incorporate herein the allegations set forth in paragraphs 1 through 26, above.

28. By the conduct described above, Defendants violated Plaintiffs' right to be paid a minimum wage pursuant to the Connecticut Minimum Wage Act, Connecticut General Statutes § 31-58 et seq.

29. Defendants' conduct, as described above, was in bad faith, arbitrary, and/or unreasonable. As a result of the Defendants' unlawful conduct, the Plaintiffs have suffered a loss of compensation from employment.

## **COUNT THREE – FAIR LABOR STANDARDS ACT OVERTIME**

30. The Plaintiffs incorporate herein the allegations set forth in paragraphs 1 through 29, above.

31. By the conduct described above, Defendants violated Plaintiff Tilton's right to be paid an overtime premium consistent with the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

32. Defendants' conduct was in willful violation of the Plaintiff Tilton's rights pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. As a result of the Defendants' unlawful conduct, Ms. Tilton suffered a loss of compensation from employment.

## **COUNT FOUR – CONNECTICUT GENERAL STATUTES § 31-58, et. seq. OVERTIME**

33. The Plaintiffs incorporate herein the allegations set forth in paragraphs 1 through 32, above.

34. By the conduct described above, Defendants have denied Plaintiff Tilton overtime wages in violation of Connecticut General Statutes § 31-60(a) and § 31-76c.

35. Defendants' conduct was in bad faith, and was arbitrary and/or unreasonable.

36. As a result of the Defendants' unlawful conduct, Plaintiff Tilton suffered a loss of compensation from employment.

## **COUNT FIVE – CONNECTICUT GENERAL STATUTES § 31-72 WAGE PAYMENT LAW**

37. The Plaintiffs incorporate herein the allegations set forth in paragraphs 1 through 36, above.

38. By the conduct described above, Defendants have failed to pay Plaintiffs for each hour they worked or in the amounts promised.

39. Defendants' failure to do so was in bad faith and was unreasonable.

40. As a result of Defendants' unlawful conduct, Plaintiffs suffered a loss of compensation from employment.

## **COUNT SIX – EQUITTABLE ESTOPPEL**

41. The Plaintiffs incorporate herein the allegations set forth in paragraphs 1 through 40, above.

42. During Plaintiff Tilton's employment, she was not aware of her right to be paid at the Connecticut minimum wage in effect at that time.

43. During Plaintiff Tilton's employment, Defendants provided incorrect information to Plaintiff Tilton as to the applicable minimum wage in effect at that time.

44. During Plaintiff Tilton's employment, she relied to her detriment on representations made by the Defendants regarding the minimum wage and her right to be paid overtime.

45.     The Defendants are equitably estopped from asserting a defense of statute of limitations as to Plaintiff Tilton's claims that she was not paid the applicable Connecticut minimum wage and that she was not paid overtime wages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

(1) Award them any and all wages that they are lawfully owed;

(2) Grant Plaintiffs liquidated damages and reasonable attorneys' fees and costs pursuant to FLSA, 29 U.S.C. § 216(b);

(3) Award them double damages and reasonable attorneys' fees and costs pursuant to Connecticut General Statutes §§ 31-68 and/or 31-72;

(4) Award Plaintiffs their pre- and post-judgment interest; and

(5) Award such further and additional relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED

 /s
Amy Corbett Dion
Greater Hartford Legal Aid, Inc.
999 Asylum Avenue, 3rd Floor
Hartford, CT 06105
Federal Bar # ct30152
Phone: (860) 541-5037
adion@ghla.org

Susan Garten
Greater Hartford Legal Aid, Inc.
999 Asylum Avenue, 3rd Floor
Hartford, CT 06105
Phone: (860) 541-5020
sgarten@ghla.org

                Peter Goselin
                The Law Office of Peter Goselin
                557 Prospect Avenue, 2nd Floor
                Hartford, CT 06105
                Phone: (860) 580-9675
                pdgoselin@gmail.com